## 50469. KING v. THE STATE.

WEBB, Judge.

Johnny King was charged in three separate accusations with the offense of theft by receiving stolen property (Criminal Code Ann. § 26-1806). The property involved was blank motor vehicle inspection stickers, accusation no. 4347 describing by serial number 21 stickers stolen from Bob Bockius, accusation no. 4348 similarly describing 5 stickers stolen from M. K. Chancey, and accusation no. 4349 describing 3 stickers stolen from Walker-McDonald. King was found guilty on each accusation and sentenced to 12 months on each, and he now appeals. *Held:*

1. The only substantial issue raised by this appeal relates to the general grounds of the motion for new trial and to what King denominates a "chain of custody" objection. Succinctly stated, the problem is that although there was ample evidence that all the numbered stickers had been stolen as alleged, that King had been peddling blank stickers in a "black market" operation, and that the stickers identified in the accusations had been recovered from various vehicles throughout the county, there is a failure in the evidence to connect King with the great bulk of the stickers by means of their serial numbers as alleged in the accusation.

However, accusation no. 4347 listed sticker no. 896514; there was ample evidence that this sticker had been stolen from the safe of Bob Bockius by means of a cutting torch; that King sold blank stickers to Bill Evans; and that sticker no. 896514 was recovered from Evans as one illegally bought by him from King. Thus King is sufficiently connected to this particular sticker by serial number; and since the conviction and sentence of one year was authorized for theft by receiving of only this one sticker (Criminal Code Ann. § 26-1812; Code Ann. § 27-2506), the judgment on accusation no. 4347 will not be set aside. *Burkett v. State,* 133 Ga. App. 728, 733 (3b) and cases cited.

There is, however, no similar connecting link with any of the numbered stickers as alleged in the other two accusations, and the judgments of conviction and

sentence on those accusations are reversed.

2. Remaining contentions and enumerations of error fail to demonstrate reversible error.

*Judgment on accusation no. 4347 affirmed; judgments on accusations nos. 4348 and 4349 reversed. Bell C. J., and Marshall, J., concur.*

SUBMITTED APRIL 7, 1975 — DECIDED APRIL 24, 1975.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*Albert D. Mullis, District Attorney,* for appellee.